IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LOIS CARTER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV09-234-S-EJL |
| | ) | |
| vs. | ) | MEMORANDUM ORDER |
| | ) | |
| SHERMAN FLOYD CARTER, an individual, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Sherman Floyd Carter moves to dismiss this action for lack of personal jurisdiction. Plaintiff Lois Carter opposes the motion. The Motion to Dismiss is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

**Standards on a Motion to Dismiss**

Plaintiff has the burden to establish the existence of personal jurisdiction against Defendant on the claims asserted in the Complaint. Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1289 n. 8 (9th Cir. 1977). To avoid Defendant's Motion to Dismiss, Plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting [a *prima facie* finding of] personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986); see also Data Disc, 557 F.2d at 1285. Where, as here, the Motion to Dismiss will be decided solely on written submissions, the Court must take Plaintiff's uncontroverted allegations in the Complaint as true and resolve "[a]ll factual disputes ... in the plaintiff's favor." Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987).

**Background**

Plaintiff and Defendant were married in 1950. In 1969, the Defendant retired from the U.S. Army and he and Plaintiff moved to Idaho. At the time of his retirement, Defendant elected to participate in the U.S. Army's Survivor Benefits Plan (the "Annuity") and named the Plaintiff as the beneficiary.

In 1978, Plaintiff and Defendant divorced, and the Defendant moved from Idaho. Because the military would not allow a former spouse to be an annuitant, the Plaintiff was removed as the beneficiary on the Annuity. In 1982, legislation was passed which changed the limitation on designated beneficiaries and allowed a former spouse to be named as the beneficiary of a Survivor Benefits Plan.

According to Plaintiff, after Defendant's second wife died in 1986, the Defendant contacted the Plaintiff to inquire if she would be willing to pay the Annuity premiums in exchange for being named as the beneficiary. Plaintiff agreed, and made monthly premium payments from 1986 until the Annuity was fully paid in October of 2008.

Plaintiff learned in April of 2009 that Defendant had terminated Plaintiff as the Annuity's beneficiary and had named his third wife in her place. Subsequently, the Plaintiff initiated this action alleging various state law causes of action and seeking "no less than $300,000.00."

**Law of Personal Jurisdiction**

In this diversity case the Court's power to exercise personal jurisdiction over a non-resident defendant is limited both by the applicable state personal jurisdiction statute (long arm statute) and the Due Process Clause. See Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990) (citing Data Disc, 557 F.2d at 1286)). Idaho's long arm statute provides in pertinent part:

> Acts subjecting person to jurisdiction of courts of state.
>
> Any person, firm company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of this court of this state as to any cause of action arising from the doing of any said acts:

(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

(b) The commission of a tortuous act within the state;

(d) Contracting to insure any person, property or risk located within this state at the time of contracting

Idaho Code § 5-514. However, as the Ninth Circuit has previously recognized, the Idaho Legislature intended, in adopting the long arm statute, to exercise all of the jurisdiction available under the Due Process Clause. Lake, 817 F.2d at 1420 (citing Doggett v. Electronics Corp. of Am., 454 P.2d 63, 67 (Idaho 1969)).  Thus, the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long arm clause is unnecessary. Id.; see also Data Disc, 557 F.2d at 1286 & n.3; Moxie Java Intern., LLC v. Cornucopia Beverages, Inc., No. CV-07-535-S-BLW, 2009 WL 187893, at *2 & n.3 (D. Idaho Jan 23, 2009).

Due process requires that in order for a non-resident defendant to be haled into court the defendant must have certain minimum contacts with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended.  See Sher, 911 F.2d at 1361 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'"  Sher, 911 F.2d at 1361 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  The focus in a personal jurisdiction determination is primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

States may exercise general or specific jurisdiction over non-resident defendants. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 447 (1952).  When specific jurisdiction is asserted, the Ninth Circuit has used

a three part test which requires (1) that defendant took some action "whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws," (2) that the claim arose out of defendant's activities in the forum state, and (3) that exercising jurisdiction is reasonable. Cubbage v. Merchent, 744 F.2d 665, 668 (9th Cir. 1984).

The purposeful availment requirement in the analysis is used to make a qualitative evaluation of the defendant's contacts with the forum state. See Lake, 817 F.2d at 1421. The defendant's acts to purposefully avail himself or herself to the benefits and laws of this state is important because it is presumed that it is not unreasonable to then expect the defendant to submit to litigation in the forum as well. See id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)). The second requirement, that the litigation arise out of the defendant's contacts with the forum state, determines how closely connected defendant's actions in the forum state were to the harm that is being alleged. See Lake, 817 F.2d at 1421. While in a case of general jurisdiction, where defendant has had continuous and substantial interaction with the forum state, no relationship between that interaction and the harm is necessary, in a case of specific jurisdiction, where there may have only been a single contact with the forum state, the relationship between that contact and the harm must be very close. See id. (citing International Shoe, 326 U.S. at 318).

The Ninth Circuit provides a number of factors to consider in determining the third factor of reasonableness in an effort to preserve the "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. These factors include: (1) the extent of defendant's involvement in affairs in the forum state, (2) the burden of the defendant to defend in the forum, (3) the extent of the conflict with the sovereignty of defendant's home state, (4) the forum's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum in protecting plaintiff's interest in convenient and effective relief, and (7) the existence of an alternate forum. See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995) (citing Core-Vent v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

## Discussion

As there is no evidence that during the time-frame at issue the Defendant had continuous or substantial contact with Idaho, the Court will only address whether specific jurisdiction is appropriate. In support of a specific jurisdiction determination, the Plaintiff contends that (1) in 1986 the Defendant took the deliberate action of making an unsolicited phone call to Plaintiff in Idaho asking Plaintiff to pay the premiums on the Annuity in exchange for being named as the beneficiary, (2) the Defendant's offer was accepted by the Plaintiff and created a continuous obligation between the Plaintiff in Idaho and Defendant by requiring the Plaintiff to make monthly premium payments from 1986 through 2008, and (3) Defendant confirmed the parties agreement and addressed certain issues regarding the arrangement by sending a letter to the Plaintiff in Idaho in 1986 and again in 1991.  (Pl.'s Response 11-18; Aff. of Lois Carter, Exs. A, B).

It is important to reiterate that although the Defendant vigorously disputes certain of the Plaintiff's assertions[1], at this stage of the litigation the Court must presume that the facts set forth by the Plaintiff are true. See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1085 (9th Cir. 2000) (stating that where the district court does not hold an evidentiary hearing it is proper to presume the facts set forth by plaintiff can be proven); see also AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (explaining that uncontroverted allegations in plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor); Data Disc, 557 F.2d at 1285.

---

[1]   The Defendant does not dispute that he and the Plaintiff reached an agreement in 1986 whereby Plaintiff was to pay the Annuity premiums and Defendant was to name the Plaintiff as beneficiary on the Annuity. (Reply Aff. of Colonel Sherman Floyd Carter ¶¶ 6, 10 & 12). Defendant contends, however, that Plaintiff contacted him to suggest the arrangement. (Id.¶¶ 4-5). And Defendant maintains that Plaintiff "breach[ed] the terms under which I required and she agreed, i.e., to pay the full cost of being enrolled in the [Annuity]." (Id. ¶ 12).

In the Complaint, Plaintiff alleges both tort and contract based claims.[2] In tort cases, the purposeful availment requirement focuses on a purposeful direction analysis. See, e.g., Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 801, 802 (9th Cir. 2004). The "purposeful direction" prong "requires that the defendant have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. at 803.

Here, the allegations by the Plaintiff establish that the Defendant "committed an intentional act" by placing a phone call to the Plaintiff in Idaho. Similarly, the "expressly aimed" requirement is satisfied because Defendant allegedly targeted a resident of Idaho, the Plaintiff, to obtain a commitment by her to pay the annuity premiums in exchange for what Defendant falsely represented would be a beneficiary's right to the Annuity. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (explaining the "expressly aimed" requirement has been met when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state"); see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000) ("Subsequent cases from this circuit bear out the conclusion that 'express aiming' encompasses wrongful conduct individually targeting a known forum resident.").

Lastly, the Defendant's alleged misrepresentations resulted in the Plaintiff making monthly premium payments on the Annuity for twenty-two (22) years with no benefit for this expenditure, resulting in obvious harm to the Plaintiff in Idaho. See, e.g., Bancroft & Masters, Inc., 223 F.3d at 1087-88; Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206-07 (9th Cir. 2006). Accordingly, the Plaintiff has met the requirements of the purposeful direction analysis for her tort-based claims. See, e.g., Bancroft & Masters, Inc., 223 F.3d at 1088.

---

[2]   In the Reply, the Defendant attacks Plaintiff's causes of action under Federal Rule of Civil Procedure 9(b). (Reply at 3-4). The Court will not consider the merits of this challenge for numerous reasons, including: 1) the Defendant expressly filed the Motion to Dismiss as originating under Rule 12(b)(2), and not Rule 12(b)(6) or Rule 9(b), and 2) Defendant first raises this argument in the Reply brief thereby depriving the Plaintiff of a chance to respond.

With regard to the Plaintiff's contract-based claims, the purposeful availment analysis concentrates on whether a defendant "purposefully avails [himself] of the privilege of conducting activities or consummates a transaction in the forum." <u>Yahoo! Inc.</u>, 433 F.3d at 1205-06. "It is not required that a defendant be physically present within, or have physical contacts with, the forum, provided that his efforts are purposefully directed toward forum residents." <u>Hirsch v. Blue Cross, Blue Shield</u>, 800 F.2d 1474, 1478 (9th Cir. 1986). "The purposeful availment prong is satisfied when a defendant takes deliberate actions within the forum state or creates continuing obligations to forum residents." <u>Id.</u>

Here, Plaintiff asserts that the Defendant took the deliberate action of placing an unsolicited phone call to Plaintiff in Idaho for the purpose of making an offer that Plaintiff accepted. The resulting agreement created a continuous obligation in Idaho by requiring Plaintiff to pay month premiums on the Annuity for twenty-two (22) years. These allegations easily satisfy the purposeful availment inquiry with respect to Plaintiff's contract-based claims. The Defendant "through [his] *own actions* in agreeing to [name the Plaintiff as beneficiary] . . . in exchange for premiums . . . created a continuing obligation to [him], and a substantial connection with [Idaho] . . . [and] purposefully availed [himself] of the benefits and protections of that forum." <u>Id.</u> at 1479-80 (emphasis in original).

The second requirement of specific jurisdiction provides that the cause of action must be closely related to the defendant's actions in the forum state.  In this regard, the Ninth Circuit has adopted a "but for" test.  <u>See, e.g.</u>, <u>Bancroft & Masters, Inc.</u>, 223 F.3d at 1088. Here, "but for" Defendant's contacts with Plaintiff in Idaho, Plaintiff would not have suffered her alleged injuries. <u>See</u> <u>Menken v. Emm</u>, 503 F.3d 1050, 1060 (9th Cir. 2007) ("[A] single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state."). Therefore, this element is satisfied.  <u>See</u> <u>id.</u>

As for the third and final consideration: "Once purposeful availment has been established, the forum's exercise of jurisdiction is *presumptively reasonable*. To rebut that presumption, a defendant 'must present a *compelling* case' that the exercise of jurisdiction

MEMORANDUM ORDER - Page 7
09ORDERS\Carter_dismiss.WPD

would, in fact, be unreasonable." <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 625 (9th Cir.1991) (emphasis in original). Considering all seven factors, Defendant has failed to present a compelling case that jurisdiction is unreasonable.[3]

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (docket no. 3) is **DENIED**.

DATED: **October 5, 2009**

Honorable Edward J. Lodge
U. S. District Judge

---

[3]    Of course, the Plaintiff continues to hold the burden to establish the existence of personal jurisdiction throughout this action, including the full burden of proof by a preponderance of the evidence at trial. <u>See, e.g.</u> <u>Lake,</u> 817 F.2d at 1420 ("Presenting a prima facie case of jurisdiction, however, does not necessarily guarantee jurisdiction over the defendant at the time of trial.").